IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

Kathryn V., [1]

        Plaintiff,

   v.

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

Case No. 3:18-cv-01502-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Kathryn V. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons below, the Commissioner's decision is AFFIRMED.

/ / /

/ / /

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

Page 1 – OPINION AND ORDER

## BACKGROUND

On December 1, 2014, plaintiff protectively applied for DIB and SSI. She alleged disability beginning June 15, 2014, due to a lumbar muscle disorder, asthma, anxiety, and depression. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). An administrative hearing was held on March 2, 2017, where plaintiff and a vocational expert ("VE") offered testimony. Plaintiff was represented by counsel. Following the hearing the ALJ issued a written ruling, finding that plaintiff was not disabled under the Social Security Act. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Plaintiff then filed the present action.

## STANDARD OF REVIEW

A reviewing court must affirm the decision of the Commissioner if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the district court must review the administrative record as a whole, weighing both the evidence that supports and

detracts from the decision of the ALJ. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## COMMISSIONER'S DECISION

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof fall to the claimant at steps one through four, and with the Commissioner at step five. *Id.*; *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante*, 262 F.3d at 953–54. Here, the ALJ found that the plaintiff was not disabled.

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since June 15, 2014, the alleged onset date. Tr. 17, *see also* 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ found that plaintiff had the following severe impairments: a lumbar muscle disorder, asthma, anxiety, and depression. *Id.*; *see also* 20 C.F.R. § 404.1520(c). At step three, the ALJ determined that plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one

Page 3 – OPINION AND ORDER

of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 18; *see also* 20 C.F.R. § 416.920(a)(4)(iii), (d).

The ALJ then assessed plaintiff's residual functional capacity ("RFC"). Tr. 560-67; *see also* 20 C.F.R. § 416.920(e). The ALJ determined that plaintiff's RFC allowed her to "perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c)" with these limitations:

> [plaintiff] can stand and walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday; the individual can frequently climb ramps and stairs and never climb ladders, ropes, or scaffolds; she can frequently balance, stoop, kneel, crouch, and crawl; the [plaintiff] can have no exposure to pulmonary irritants or hazards; the individual is limited to simple and routine work with simple instructions and communicating simple information; she can have occasional contact with coworkers with no teamwork or tandem tasks and brief and superficial contact with the general public.

Tr. 20.

At step four, the ALJ found that plaintiff could not perform any of her past relevant work. Tr. 28-29; *see also* 20 C.F.R. § 404.1565. At step five, the ALJ found that based on plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could sustain substantial gainful employment despite her impairments. Tr. 29; *see also* 20 C.F.R. § 404.1569, (a). Specifically, the ALJ found that plaintiff could perform the representative occupations of dishwasher, photocopy machine operator, and cleaner, housekeeping. Tr. 30. As a result, the ALJ concluded that plaintiff was not disabled under the Act.

///

///

## DISCUSSION

Plaintiff contends that the ALJ erred by improperly discounting the opinions of examining medical source Christine N. Krause, Psy. D. and "other source Licensed Family and Marriage Therapist ("LMFT") Sandra Cohen.

I.  *Opinion of medical source Christine N. Krause, Psy. D. ("Dr. Krause")*

The ALJ did not improperly reject the opinion of examining psychologist Dr. Krause.  To properly reject the opinion of an examining psychologist, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  Here, the ALJ concluded Dr. Krause overstated the degree of plaintiff's mental limitations.  As a result, the ALJ gave the opinion moderate weight.

Plaintiff alleges the ALJ "considered only the benign findings in a sea of abnormal ones." Pl's. Brief at 7.  Dr. Krause assessed marked limitations in "maintaining a schedule, being on time to work, and regularly attending work; working in proximity to others or in coordination with others without being distracted by them; and accepting instructions and responding appropriately to criticism from supervisors." *Id.* at 6. Nevertheless, the ALJ found that the record showed plaintiff to have "good communication, intact insight, adequate attention and focus, linear and goal-oriented thought processes, a polite and friendly behavior, normal speech, no delusions, intact fund of knowledge, intact cognition, intact memory, adequate judgment, and average to above average intellect." Tr. 27.  Plaintiff argues that the ALJ relied on isolated instances of improvement and plaintiff not exhibiting certain

Page 5 – OPINION AND ORDER

symptoms at the time of her appointments. *Garrison v. Colvin*, 759 F.3d 992, 1017 (9th Cir. 2014); *Diedrich v. Berryhill*, 874 F.3d 634, 642 (9th Cir. 2017).

However, the ALJ made her findings after reviewing the opinions of Dr. Krause and other medical sources, including Dr. Shawn Johnston. In reviewing plaintiff's medical records, the ALJ considered both positive and negative reports by medical professionals. Ultimately, the ALJ relied on, in part, the opinion of several medical professionals, including Dr. Krause, who noted plaintiff's cooperative and polite behavior during sessions. The ALJ accordingly gave some of her opinion evidence as to limitations only moderate weight.

Additionally, the ALJ considered plaintiff's own testimony about engagement in various activities of daily living. Tr. 26-27, 46-47, 54-55. These activities include, but are not limited to, plaintiff caring for herself, her son, and her three cats, going camping with friends, socializing online, and going to the grocery store. Plaintiff's own testimony of activity demonstrated social capacity. An ALJ may reject the opinion of a medical source when the assessed limitations are inconsistent with the plaintiff's level of engagement in various activities. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Here, the ALJ's conclusion was based both on the contradictory opinions of other medical sources, evidence from the medical record, and plaintiff's own reported activity. Therefore, the ALJ provided specific and legitimate reasons for only giving Dr. Krause's opinion moderate weight.

/ / /

/ / /

Page 6 – OPINION AND ORDER

II.  *Opinion of "other source" LMFT Sandra Cohen*

Like the opinion of Dr. Krause, the ALJ did not err in rejecting the opinion of LMFT Sandra Cohen.  An LMFT is considered an "other source."  To properly reject LMFT Cohen's opinion, the ALJ must provide, "specific reasons germane to each ["other source"] witness."  *Regennitter v. Commissioner*, 166 F.3d 1294, 1298 (9th Cir. 1999).  Nevertheless, this Court "cannot reverse the agency merely because the ALJ did not clearly link [her] determination to those reasons."  *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012).  Here, the ALJ found LMFT Cohen also overstated plaintiff's mental limitations.  As a result, the ALJ gave the opinion moderate weight.

LMFT Cohen assessed severe mental limitations, including, "[a]bility to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and [a]bility to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness." Pl's Brief at 11.  Plaintiff alleges ALJ's reasoning for only giving this opinion moderate weight is not germane.

Again, the ALJ summarized evidence from other examining medical sources and plaintiff's own actions that contradict LMFT Cohen's findings.  Plaintiff herself acknowledged getting together with friends, having a partner, and taking care of herself, her son, and her three cats, and having no problems handling money. Tr. 19, 26, 484. The ALJ's conclusion that LMFT Cohen overstated plaintiff's mental limitations was a germane reason to discount the opinion.  Thus, the Court concludes that substantial evidence supports this conclusion.

/ / /

Page 7 – OPINION AND ORDER

## CONCLUSION

The Court finds that the ALJ's decision to give moderate weight to the opinion of Dr. Krause and LMFT Cohen because these opinion overstated plaintiff's mental limitations is supported by substantial evidence. Accordingly, the decision of the Commissioner is AFFIRMED. This action is dismissed.

IT IS SO ORDERED.

Dated this <u>30th</u> day of May 2020.

                                               /s/Ann Aiken
                                                  Ann Aiken
                                     United States District Judge